Minute Order Form (rev. 12/90)

# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | JAMES F. HOLDERMAN | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 00 C 303 | Date | April 28, 2000 |
| Case Title | GORDON -v- BUNTROCK et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [use listing in "MOTION" box above]
(2) ☐ Brief in support of motion due _____
(3) ☐ Answer brief to motion due _____ Reply to answer brief due _____
(4) ☐ Ruling / Hearing on _____ set for _____ at _____
(5) ☐ Status hearing ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____
(6) ☐ Pretrial conf. ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____
(7) ☐ Trial ☐ Set for ☐ re-set for _____ at _____
(8) ☐ Bench Trial ☐ Jury Trial ☐ Hearing held and continued to _____ at _____
(9) ☐ This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to
  ☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)
(10) ☒ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, plaintiff's motion to remand is granted. This case is hereby remanded to the Circuit Court of Cook County.

(11) ☒ [For further detail see ☐ order on the reverse of ☒ order attached to the original minute order form.]

| | | | |
|---|---|---|---|
| ☐ No notices required, advised in open court. | | number of notices | |
| ☐ No notices required. | | | |
| ☒ Notices mailed by judge's staff. | | date docketed MAY 0 3 2000 | Document # |
| ☐ Notified counsel by telephone. | | | |
| ☐ Docketing to mail notices. | | docketing dpty. initials S.B. | 18 |
| ☐ Mail AO 450 form. | | | |
| ☐ Copy to judge/magistrate Judge. | | date mailed notice 4-28-00 | |
| ✓ courtroom deputy's Initials | Date/time received in central Clerk's Office | mailing dpty. initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SAM GORDON, on behalf of himself )
and all others similarly situated, )
)
)
Plaintiff, )
)
v. )
) No. 00 CV 303
DEAN L. BUNTROCK, PHILLIP B. ROONEY, )
JAMES E. KOENIG, JOHN D. SANFORD, )
THOMAS C. HAU, )
WASTE MANAGEMENT, INC., and )
ARTHUR ANDERSON LLP, )
)
Defendants. )
)

DOCKETED
MAY 0 3 2000

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On December 22, 1999, plaintiff Sam Gordon, on behalf of himself and others similarly situated, commenced this putative class action, case No. 99 CH 18378, in the Circuit Court of Cook County, Illinois. Plaintiff's complaint contains four counts: negligent misrepresentation, common law fraud, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty. Defendants Dean L. Buntrock, Phillip B. Rooney, James E. Koenig, John D. Sanford, Thomas C. Hau, Waste Management, Inc., and Arthur Anderson LLP (collectively, "defendants") removed the action to this court pursuant to 28 U.S.C. § 1441 and § 1446, and the Securities Litigation Uniform Standards Act of 1998 (the "Uniform Standards Act" or "SLUSA"), 15 U.S.C. § 78bb(f). Plaintiff filed a motion to remand. For the following reasons, plaintiff's motion is GRANTED.

1



## ANALYSIS

Plaintiff's complaint is brought on behalf of those persons who purchased common stock of Waste Management, a Delaware corporation, prior to November 3, 1994, and held the stock through February 24, 1998 (the class period). Plaintiff alleges that, during the period of time from November 3, 1994 to February 24, 1998, defendants "issued and caused to be disseminated to the plaintiff and class members, all of whom were shareholders in Waste Management, false and misleading annual reports, 10-Ks, other shareholder communications, financial statements and audit opinions on financial statements and related auditor's letters certifying the accuracy of financial statements all of which falsely portrayed [Waste Management's] revenues, earnings, and resultant financial condition." The complaint seeks damages for injuries that plaintiff and the putative class members allegedly suffered in their capacities as shareholders and investors in WMX, including investment opportunity losses and benefit of the bargain damages incurred as a result of defendants' misconduct. Plaintiff alleges that, at a minimum, plaintiff and class members lost the value of what was represented to them versus the actual value of their Waste Management stock once the truth was known.

Defendants contend that plaintiff's complaint was properly removed to federal court for two reasons. First, they argue that the Uniform Standards Act, 15 U.S.C. § 78bb(f), mandates removal to federal court because the complaint alleges misrepresentations in connection with the purchase or sale of securities. In the alternative, defendants argue that the complaint was properly removed under 28 U.S.C. § 1441 and § 1446 because plaintiff's cause of action arises under § 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa, et. seq. ("the 1934 Act).

I.   Uniform Standards Act

Defendants' primary argument is that plaintiff's complaint was subject to mandatory removal under the Uniform Standards Act, an amendment to § 78bb of the Securities Exchange Act passed in 1998. The Uniform Standards Act provides, in relevant part:

> (f)   Limitations on remedies
>
> (1)   Class action limitations
>
> No covered class action based upon the statutory or common law of any state or subdivision thereof may be maintained in any State or Federal Court by any private party alleging --
>
> (A)   a misrepresentation or omission of material fact in connection with the purchase or sale of a covered security; or
>
> (B)   that a defendant used or employed any manipulative or deceptive device or contrivance with the purchase or sale of a covered security.
>
> (2)   Removal of covered class actions
>
> Any class action brought in any State court involving a covered security, as set forth in paragraph (1), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to paragraph (1).

The parties agree that plaintiff's complaint is a "covered class action" and involves a "covered security" within the meaning of the Act. The parties also do not dispute that the complaint alleges misrepresentations and omission of material facts. As such, the only dispute between the parties is whether the complaint alleges misrepresentations or omissions of material facts "in connection with" the purchase or sale of those covered securities. If the misrepresentations are not alleged to have occurred "in connection with" the purchase or sale of a security, then the complaint was properly

3

removed, and the motion to remand must be denied. If the misrepresentations are not alleged to have occurred "in connection with" the purchase or sale of a security, then the removal was improper and the motion to remand should be granted.

The parties have briefed this issue at length, and this court recognizes that the issue of whether plaintiff's complaint was properly removed to this court pursuant to the Uniform Standards Act is a complicated issue. This court is convinced, however, that the plain language of the statute precludes mandatory removal of this action. Congress apparently attempted to create a uniform, national body of law governing the litigation of securities fraud claims with the Uniform Standards Act. See Joint Explanatory Statement of the Committee of Conference, Statement of Managers, 144 Cong. Rec. H11019-01, *H11020, 1998 WL 720293 at *5-6 (1998) ("This legislation establishes uniform national rules for securities class action litigation involving our national capital markets."). Nevertheless, this court is bound by the plain language of the statute, and that language provides that only those covered class actions which allege misrepresentations in connection with the purchase or sale of a covered security "shall" be removable to federal court.

Defendants argue that plaintiff's complaint alleges misrepresentations "in connection with" the purchase of Waste Management securities for two reasons: (1) plaintiff alleges misrepresentations which date prior to the date by which the putative class members purchased their stock, and thus the complaint implicitly alleges that those class members purchased securities at artificially inflated prices, and (2) plaintiffs implicitly allege a "unitary" scheme of fraud which began before the class members purchased their securities, and continued until after November 3, 1994, at which time the class members merely held the securities. In so arguing, defendants rely upon cases which have interpreted § 10b of the Securities and Exchange Act of 1934, which makes

4

unlawful "[t]o use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors." 15 U.S.C. § 78j(b).

Plaintiff responds that his complaint is explicitly limited to damages caused by the holding of securities and the loss of value which resulted from such holding. Plaintiff argues that his complaint merely states common law claims for breach of fiduciary duty which have been recognized under Delaware law and expressly contemplated by the Supreme Court. Plaintiff argues that he is not seeking "purchaser/seller" damages arising out of any frauds that may or may not have occurred when he purchased the stock on behalf of himself or the class members he seeks to represent. Rather, he seeks damages for being fraudulently induced to hold Waste Management stock, <u>after</u> he and the putative class members had purchased the stock. In support of the argument that this class action is not subject to removal under the Uniform Standards Act, plaintiff relies upon <u>Blue Chip Stamps v. Manor Drug Stores</u>, 421 U.S. 723, 95 S.Ct. 1917 (1975). The Court in <u>Blue Chip Stamps</u> held that claims brought on behalf of persons who claimed that they were defrauded into not purchasing a stock (nonpurchasers) or persons who were defrauded into continuing to hold a stock (nonsellers or holders) were not covered under § 10b of the 1934 Act. <u>Id.</u> at 748, 95 S.Ct. at 1931. In so holding, the Court noted that the harsh result was mitigated "to the extent that remedies are available to nonpurcahsers and nonsellers under state law." <u>Id.</u> at 739 n.9, 95 S.Ct. at 1927. Since that time, the Delaware Supreme Court has ruled that holders of stock in Delaware corporations, such as Waste Management, may state valid claims under state common law theories of breach of fiduciary duty for nondisclosure against directors, officers, and auditors without running

5

afoul of federal securities laws. Malone v. Brincat, 722 A.2d 5, 12 (Del. Supr. 1998). Plaintiff argues that he is asserting a Malone-style claim, not one for damages incurred "in connection with" the sale or purchase of a security, and thus his claims are not subject to mandatory removal under the Uniform Standards Act.

This court finds that, because plaintiff does not allege that defendant's misrepresentations occurred in connection with the purchase or sale of a covered security, his complaint was not properly removable under the Uniform Standards Act. In so ruling, this court recognizes the broad reading that many courts have given the "in connection with" language under § 10b -- where plaintiffs alleged that misrepresentations had occurred in connection with the purchase or sale of securities. See e.g., SEC v. Rana Research Inc., 8 F.3d 1358, 1362 (9th Cir. 1993) (reasoning that "in connection with" requirement is met if fraud alleged "touches upon" or has "some nexus" with a securities transaction). This court also recognizes that a broad reading of plaintiff's complaint could encompass misrepresentations in connection with the putative class members' purchase of securities. However, plaintiff has gone to great lengths to stress that his complaint alleges misrepresentations only in the holding of securities, and expressly disavows any injury resulting from the purchase or sale of securities. Plaintiff explains that allegations of pre-November 1994 misrepresentations in the complaint are intended only "background facts," and that he is not seeking damages for misrepresentations which occurred prior to the beginning of the class period. As such, plaintiff's complaint states that, as of November 3, 1994, the day by which all class members had already purchased Waste Management stock, the stock was fairly valued (i.e., that the class members had not been and were not, at that point, being deceived into holding the stock). Plaintiff's complaint alleges that only those misrepresentations which occurred after November 3, 1994 resulted

in the class members being deceived into holding their stock. Given these limitations, this court finds that plaintiff has not alleged misrepresentations which "touched," and therefore occurred "in connection with" the sale of Waste Management securities. See id.

Likewise, this court recognizes that plaintiff's complaint could plausibly be read to allege a common or unitary scheme of fraud that began before and during the time that plaintiff and class members purchased stock in Waste Management. Courts have found that an allegation of an "unitary scheme of fraud" which began before a plaintiff purchased securities and continued afterward can meet the "in connection with" requirement, where the plaintiff had alleged fraud both in the purchase and holding of securities under 10b. See, e.g., Rudolph v. Arthur Anderson & Co., 800 F.2d 1040, 1046 (11h Cir. 1986). However, here, unlike in those cases cited by defendants, plaintiff does not allege that defendants' pre-November, 1998 misdeeds were part of a unitary scheme. The heart of plaintiff's complaint, as stated in the first paragraph, is that "[d]uring the period from November 3, 1994, through February 24, 1998, defendants issued and caused to be disseminated to the plaintiff and class members" various false and misleading communications. No where does plaintiff allege that the pre-November 1994 misdeeds were part of a common scheme which continued after November, 1994. Rather, plaintiff argues that the allegations of misdeeds which occurred prior to the class period are separate "background facts." Plaintiff alleges that all the misrepresentations which caused injury to himself and the putative class members occurred *after* he and the class members purchased their shares of Waste Management. "[A] fraudulent scheme which takes place entirely after the securities transaction is complete is not 'in connection with' that transaction." Id. at 1046.

Given plaintiff's characterization of the complaint and the fact that he clearly does not state

7

a cause of action for misrepresentations made prior to November 3, 1999, this court cannot conclude that plaintiff's complaint states a cause of action for misrepresentations made "in connection with" purchases of securities made prior to November 3, 1999. This court must conclude that, whatever Congress intended in enacting the Uniform Standards Act, it did not make class actions on behalf of "nonsellers" and "nonpurchasers" removable to federal court. In enacting the Uniform Standards Act, Congress was aware of the interpretation of § 10b of the 1934 Act, which acknowledged that causes of actions for the "nonpurchase" or "nonsale" of securities were not covered by the 1934 Act, and that state law would fill those gaps. Congress could have expanded the scope of actions covered by the Uniform Standards Act by providing that actions alleging misrepresentations in connection with the failure to purchase or sell a covered security also shall be removable to federal court. Because Congress did not so provide, this court must conclude that the Uniform Standards Act subjects only those actions in which the plaintiff alleges that misrepresentations occurred in connection with the purchase or sale of a covered security to removal in federal court. Because plaintiff has not alleged that defendants' misrepresentations occurred in connection with the purchase or sale of his or the class members' securities, the complaint was not properly removed under the Uniform Standards Act.

II.  Removal Under Sections 1441 and 1446

In the alternative, defendants argue that plaintiff's complaint is removable to federal court on the basis of § 27 of the Securities Exchange Act, 15 U.S.C. § 78aa. That section provides that federal courts shall have exclusive jurisdiction over violations of the Act or its rules and regulations and all suits in equity and actions at law brought to enforce any liability created by the Act or its rules and regulations. Defendants argue that because plaintiff's complaint alleges that defendants violated the

8

duties which arise under the Act and the rules and regulations promulgated thereunder, it is an action "brought to enforce" the Act and its rules. This court rejects this argument. This is not an action to enforce the securities laws. Rather, plaintiff alleges defendants' violation of the Act and its rules as support for the allegation that defendants breached their common law duties of full and fair disclosure. Nor does plaintiff's right to relief necessarily depend on the resolution of federal law. See Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808, 108 S. Ct. 2166, 2173-74 (1987). As such, plaintiff's reference to federal securities law does not mandate removal of his complaint to federal court.

## CONCLUSION

For the reasons stated, plaintiff's motion to remand is GRANTED. This case is remanded to the Circuit Court of Cook County.

ENTER:

*James F. Holderman*

JAMES F. HOLDERMAN
United States District Judge

DATE: April 28, 2000

9